IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Williams Bolds,  :
                Petitioner  :
  :
      v.  :
  :
City of Philadelphia (Workers'  :
Compensation Appeal Board),  :
  :   No. 179 C.D. 2025
            Respondent  :   Submitted: May 14, 2026


BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE STELLA M. TSAI, Judge
             HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE TSAI                    FILED: August 4, 2026


William Bolds (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of a Workers' Compensation Judge (WCJ) dismissing his claim petition (Claim Petition) with prejudice. Both the Board and WCJ found that the Claim Petition was barred by technical *res judicata*[1] based on Claimant's prior litigation of a petition to reinstate benefits (Reinstatement Petition) and petition for penalties (Penalty Petition) regarding the same alleged work injury. We affirm.

---

[1] Under the doctrine of technical *res judicata*, often referred to as claim preclusion, "when a final judgment on the merits exists, a future suit between the parties on the same cause of action is precluded." *Weney v. Workers' Comp. Appeal Bd. (Mac Sprinkler Sys., Inc.)*, 960 A.2d 949, 954 (Pa. Cmwlth. 2008), *appeal denied*, 971 A.2d 494 (Pa. 2009) (citation omitted).

# I. BACKGROUND[2]

On March 24, 2020, Claimant tested positive for COVID-19 while employed as a police officer by the City of Philadelphia (Employer). Employer designated Claimant's time off work, beginning on March 19, 2020, as "E-Time," or "excused time." Employer created the E-Time designation during the COVID-19 pandemic to provide its employees full pay without depleting sick or vacation time.

In January 2022, Employer discovered that several police officers, including Claimant, remained out of work with COVID-19 and continued to be paid under the E-Time designation, but they had not reported a work injury or entered Employer's injured-on-duty program. Employer sent Claimant a letter informing him that he would be removed from E-Time status and, if he continued to remain out of work, he would be paid through accrued sick and vacation time.

On January 31, 2022, Employer issued a notice of workers' compensation denial (NCD), denying any liability for Claimant's alleged March 2020 work-related exposure to the COVID-19 virus. In March 2022, Claimant began using his accrued sick and vacation time.

Claimant filed the Reinstatement Petition and Penalty Petition in April 2022. Those petitions alleged that Employer unilaterally terminated Claimant's workers' compensation benefits in January 2022 after accepting the claim for a COVID-19 injury as a matter of law through the payment of wages in lieu of workers'

---

[2] We summarize the factual and procedural history of this matter based on our decision in the prior litigation between the parties, *Bolds v. City of Philadelphia (Workers' Compensation Appeal Board)*, 333 A.3d 765 (Pa. Cmwlth.), *appeal denied*, 349 A.3d 396 (Pa. 2025), the WCJ and Board rulings in the earlier case which have been incorporated into the record here, and the WCJ and Board rulings in the present matter.

compensation benefits.[3] Claimant testified in the proceedings before the WCJ that he reported to his supervisor that his COVID-19 diagnosis was work-related on the date of his positive test, March 24, 2020. Claimant stated that he was hospitalized in late March 2020, remained in the hospital for several weeks, and continued to suffer mental and physical symptoms.

WCJ Erin Young issued a decision and order denying the Reinstatement Petition and Penalty Petition. WCJ Young found "Claimant to be credible and persuasive that he contracted [COVID-19] and was hospitalized for the same, [but] his testimony [was] not necessarily relevant to the issue before" the WCJ of whether Employer accepted a work injury by paying Claimant E-Time compensation. Mar. 17, 2023 WCJ Decision, Finding of Fact (F.F.) ¶ 8, Reproduced Record (R.R.) 30a. WCJ Young reasoned that Employer did not intend to pay him wages in lieu of workers' compensation benefits, because Employer "was facing circumstances of pandemic proportions" and paid continuing wages based on "thousands of [COVID-19] diagnoses among police officers." *Id*., F.F. ¶ 11, R.R. 30a. "To find that . . . Employer intended to accept these numerous cases as work injuries would be penalizing Employer for providing leave for those diagnosed with [COVID-19] during a pandemic." *Id*., R.R. 30a-31a.

WCJ Young further found that Employer did not violate the Workers' Compensation Act (Act)[4] by ceasing payment of E-Time compensation and therefore

---

[3] "If, after receiving notice that a worker is injured, the employer does not file an NCD within 21 days but begins paying the worker in some way, a presumption arises that the employer has admitted and accepted liability as if it had" issued a notice of compensation payable. *Stewart v. City of Philadelphia (Workers' Comp. Appeal Bd.)*, 335 A.3d 1250, 1258 (Pa. Cmwlth.), *appeal denied*, 348 A.3d 91 (Pa. 2025). The employer may rebut the presumption by showing that the payment was not intended to replicate workers' compensation benefits. *Id*. at 1259. "[I]t is the intent of the payment, not the receipt thereof, which is relevant." *Id*. (citation omitted).

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

3

denied the Penalty Petition. WCJ Young noted in a footnote to her decision: "The denial of the Reinstatement Petition does not preclude Claimant from filing a [c]laim [p]etition within the [s]tatute of [l]imitations." *Id*. at 10 n.1, R.R. 31a.

Claimant filed a timely appeal of WCJ Young's decision to the Board. The Board affirmed, holding that substantial evidence supported WCJ Young's finding that the E-Time pay to Claimant was not in lieu of workers' compensation benefits and no penalty could be imposed for terminating E-Time payments made outside of the Act. Claimant appealed the Board's ruling, and this Court affirmed. We also concluded that substantial evidence supported WCJ Young's conclusion that "payments made under the E-Time designation did not constitute Employer's acknowledgement that Claimant had contracted COVID-19 at work" as those "benefits were paid to all employees out of work due to COVID-19, regardless of cause." *Bolds*, 333 A.3d at 773-74. Claimant filed a petition for allowance of appeal from this Court's ruling, which our Supreme Court denied.

Claimant filed the instant Claim Petition on March 17, 2023, during the pendency of the appeal of WCJ Young's denial of his Reinstatement Petition and Penalty Petition to the Board. Employer moved to dismiss the Claim Petition citing the doctrines of technical *res judicata* and collateral estoppel.[5] On July 2, 2024, WCJ Timothy Bulman issued a decision and order, dismissing the Claim Petition with prejudice on both *res judicata* and collateral estoppel grounds.

The Board affirmed WCJ Bulman's dismissal of the Claim Petition, reasoning as follows:

---

[5] The doctrine of collateral estoppel, or issue preclusion, "is designed to prevent relitigation of an issue in a later action, despite the fact that the later action is based on a cause of action different from the one previously litigated." *Weney*, 960 A.2d at 954 (citation omitted).

4

The issue before us now is one of technical *res judicata*. At the time Claimant filed his Reinstatement Petition in April 2022, he chose to pursue a reinstatement of benefits based on the legal theory that his continued receipt of E-time benefits were wages paid in lieu of workers' compensation benefits. As such, he did not present any medical evidence. Claimant was aware at that time that he had not yet established that he contracted COVID[-19] during the course and scope of his employment with [Employer]. He could have filed and litigated a claim petition along with his Reinstatement Petition, but he chose not to do so. Instead, he opted to proceed solely on his Reinstatement Petition. As a result, technical *res judicata* bars his current claim that his COVID[-19] was work-related, as it was a matter that should have been litigated in the earlier proceeding.

Feb. 5, 2025 Board Opinion at 5. This petition for review followed.

## II. ISSUES

On appeal,[6] Claimant argues that WCJ Bulman and the Board erred in dismissing the Claim Petition on technical *res judicata* grounds as the previously litigated Reinstatement Petition involved a distinct cause of action and theory of relief premised on Employer's alleged acceptance of a compensable work injury by paying E-Time compensation in lieu of benefits. Claimant contends that collateral estoppel is equally inapplicable as the Claim Petition involves different issues— including whether he provided the statutorily required notice within 120 days of the injury and whether he contracted COVID-19 in the course and scope of his employment—which Claimant did not have a full and fair opportunity to litigate in the context of the Reinstatement Petition. Claimant asserts that the Board's rationale that he was required to file the Claim Petition at the same time as the Reinstatement Petition lacks legal support and "flies in the face of the three[-]year statute of limitations provided by Section 315 of the Act," 77 P.S. § 602. Claimant's Brief at

---

[6] Our review is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, and whether an error of law was committed. *Stewart*, 335 A.3d at 1256 n.5.

5

19. Finally, Claimant argues that the dismissal of the Claim Petition was contrary to the humanitarian purpose of the Act, which requires that borderline cases such as this be resolved in favor of the injured worker.

### III. DISCUSSION

We agree with the Board that the doctrine of technical *res judicata* resolves this matter. "In order for technical *res judicata* to apply there must be identity of the (1) thing sued upon or for; (2) cause of action; (3) persons and parties to the action; and (4) quality or capacity of the parties suing or sued." *Marinack v. City of Pittsburgh (Workers' Comp. Appeal Bd.)*, 319 A.3d 105, 112 (Pa. Cmwlth. 2024). With respect to the second element, the "causes of action are identical when the subject matter and the ultimate issues are the same in both the old and the new proceedings." *Weney*, 960 A.2d at 954.

"[T]echnical *res judicata* may be applied to bar claims that were actually litigated **as well as those matters that should have been litigated**." *Marinack*, 319 A.3d at 112 (citation omitted and emphasis in original). In conducting our analysis, "we keep in mind that a party cannot avoid *res judicata* simply by varying the legal theory for relief or by recasting the nomenclature for the relief requested." *Tobias v. Halifax Twp.*, 28 A.3d 223, 227 (Pa. Cmwlth. 2011), *appeal denied*, 47 A.3d 849 (Pa. 2012).

In *Marinack*, the claimant filed a review petition in 2010 to amend the description of an accepted work injury to include worsening neck and lower back injuries. *Marinack*, 319 A.3d at 106-07. In 2014, the WCJ found that there was insufficient evidence to amend the description and denied the review petition, citing in his decision a March 2011 operative report regarding the claimant's lower back surgery. *Id*. at 109. The claimant then filed a reinstatement petition in 2016, alleging

6

a worsening of his work injury with a date of onset corresponding to the March 2011 surgery. *Id*. at 109-10. In addressing whether technical *res judicata* applied to the reinstatement petition, we noted that while the alleged March 2011 date of onset was not adjudicated during the review petition litigation, the claimant testified about the surgery and surrounding circumstances during the prior proceeding. *Id*. at 112. Given the claimant "was well aware of the worsening of his low[er] back injury during the prior proceeding," we held that the claimant should have litigated the matter in the earlier proceeding and he was barred from doing so in the context of the subsequently filed reinstatement petition. *Id*. at 112-13.

In *Zeller v. City of Philadelphia (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 1482 C.D. 2024, filed Nov. 3, 2025), 2025 WL 3074550, *appeal denied*, (Pa., 454 EAL 2025, filed May 13, 2026),[7] this Court barred a claimant from relitigating a claim for workers' compensation benefits under circumstances materially identical to those presented here. In 2021, the claimant, a police officer for Employer, contracted COVID-19 and remained out of work for 10 months on E-Time. *Id*., slip op. at 2. After Employer informed the claimant that his E-Time status was ending, he filed a reinstatement petition alleging that Employer accepted his workers' compensation claim by paying him wages in lieu of compensation. *Id*. After his reinstatement petition was denied, the claimant filed a claim petition regarding the same injury, which was dismissed on technical *res judicata* grounds. *Id*. at 2-4.

This Court affirmed the dismissal, finding that the claimant's reinstatement and claim petitions sought the same thing: "the receipt of [workers' compensation]

---

[7] Unreported panel decisions of this Court issued after January 15, 2008, may be cited as persuasive authority. *See* Commonwealth Court Internal Operating Procedure § 414(a), 210 Pa. Code § 69.414(a).

benefits from Employer arising out of his . . . 2021 COVID-19 diagnosis." *Id*. at 6. While the two petitions presented slightly different theories of relief, we concluded that they ultimately stated the same cause of action and should have been litigated together. *Id*. "Changing the underlying legal theory from asserting [the c]laimant received benefits in lieu of compensation to a [c]laim [p]etition seeking benefits for the same injury does not operate to change the heart of the cause of action, as 'the subject matter and the ultimate issues are the same in both the old and the new proceedings.'" *Id*. (quoting *Weney*, 960 A.2d at 954).

As in *Zeller*, we conclude that each of the technical *res judicata* criteria are satisfied here. There is no dispute that the separate proceedings involved the same parties acting in the same capacities. Therefore, only the first two criteria are at issue: whether there was identity of the thing sued upon and causes of action. Regarding the first criteria, Claimant filed the Claim Petition and Reinstatement Petition seeking the same result, an award of workers' compensation benefits from Employer related to his March 24, 2020 COVID-19 diagnosis. Because Claimant sought the same relief, there was identity of the things sued upon in the two actions.

With respect to the identity of the causes of action, Claimant initially sought relief through the Reinstatement Petition based upon Employer's alleged payment in lieu of compensation and is now litigating a Claim Petition. However, Claimant cannot avoid the preclusive effect of technical *res judicata* "simply by varying the legal theory for relief [and] recasting the nomenclature for the relief requested." *Tobias*, 28 A.3d at 227. This Court has previously found that technical *res judicata* bars efforts by claimants to relitigate the same injury through different types of petitions. *See Marinack*, 319 A.3d at 112-13 (holding claimant could not seek benefits on worsening lower back injury through reinstatement petition when issue

8

was raised during prior litigation on review petition); *Zeller*, slip op. at 6-7 (finding that COVID-19 injury could not be raised in claim petition when claimant initially sought benefits for the same injury via reinstatement petition); *see also Maranc v. Workers' Comp. Appeal Bd. (Bienenfeld)*, 751 A.2d 1196, 1200 (Pa. Cmwlth. 2000) (*en banc*) (holding claimant could not raise "absolutely identical" issue "under the guise of a" reinstatement petition that had previously been litigated during a suspension petition). Claimant was aware of the grounds for the Claim Petition at the time he filed his Reinstatement Petition, and therefore he should have litigated all his legal theories in the same proceeding.

Furthermore, WCJ Young's comment in a footnote to her decision that the "denial of the Reinstatement Petition does not preclude Claimant from filing a [c]laim [p]etition within the [s]tatute of [l]imitations" does not insulate Claimant from the application of technical *res judicata*. Mar. 17, 2023 WCJ Decision at 10 n.1, R.R. 31a. In this dicta, WCJ Young suggested a possible course of action that was not viable even where, as here, the claim petition had been filed within the three-year statute of limitations. Under Pennsylvania law, workers' compensation claimants are not authorized to file serial petitions seeking benefits for the same injury.

Finally, we are cognizant that we must liberally construe the Act to effectuate its humanitarian objectives, and "borderline interpretations of the Act are to be construed in the injured party's favor." *Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap)*, 81 A.3d 830, 838 (Pa. 2013) (citation omitted). However, we must balance these concerns against the purpose of the technical *res judicata* doctrine "to shield parties from the burden of re-litigating a claim with the same parties . . . and to protect the judiciary from the corresponding inefficiency and

9

confusion that re-litigation of a claim would breed." *In re Coatesville Area Sch. Dist.*, 244 A.3d 373, 378 (Pa. 2021) (citation omitted). Moreover, application of *res judicata* "help[s] to protect the integrity of the workers' compensation system" by preventing the filing of "piece-meal . . . petitions without any justification for doing so, thereby requiring others to continually waste time and resources defending against issues that should have been raised in earlier proceedings." *Weney*, 960 A.2d at 956. Because the technical *res judicata* criteria are clearly met here, this is not a borderline case that requires our invocation of the humanitarian objectives of the Act. *See Zeller*, slip op. at 7 (concluding that *res judicata* dismissal of claim petition was consistent with the humanitarian objectives of the Act).

## IV. CONCLUSION

For the foregoing reasons, we affirm the order of the Board affirming WCJ Bulman's dismissal of the Claim Petition on technical *res judicata* grounds.

_____
STELLA M. TSAI, Judge

Judge Dumas did not participate in the decision in this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Williams Bolds,
               Petitioner

          v.

City of Philadelphia (Workers'
Compensation Appeal Board),

             Respondent   :   No. 179 C.D. 2025

## **O R D E R**

AND NOW, this 4th day of August, 2026, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____
STELLA M. TSAI, Judge